CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 19 2005

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KARL MANSOOR,<br><br>                                  *Plaintiff,*<br><br>v.<br><br>JOHN MILLER;<br>CRYSTAL LIMERICK;<br>LINDA JENKINS;<br>MARK TRANK;<br>THOMAS FOLEY;<br>COUNTY OF ALBEMARLE,<br><br>                                 *Defendants.* | CIVIL ACTION NO. 3:02-CV-00116 (*Lead*)<br>CIVIL ACTION NO. 3:03-CV-00001 (*Member*)<br><br><br><br><u>MEMORANDUM OPINION</u><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint, filed January 19, 2005. The Court held a hearing on this motion on April 4, 2005, at 1:30 p.m. For the reasons stated below, the Court DENIES Defendants' Motion.

I. BACKGROUND

Plaintiff Karl Mansoor is employed as a police officer with the Albemarle County Police Department. On April 19, 2000, Plaintiff brought a § 1983 action against the County of

Albemarle and six county officials, alleging that they conspired to deprive him of his First Amendment free speech rights (the "original lawsuit"). Plaintiff alleged that the defendants in the original lawsuit had implemented a "plan of assistance" which severely limited his speech rights both as a public citizen and as an employee. This Court granted summary judgment to Plaintiff on his First Amendment § 1983 claim, finding that the terms of the plan of assistance operated as a prior restraint on Plaintiff's right to speak as a public citizen on matters of public concern. The Fourth Circuit affirmed this Court's decision. The parties then reached an agreement and settled the original lawsuit on July 14, 2003.

On November 12, 2002, Plaintiff filed a second lawsuit with this Court which is currently before the Court in this motion to dismiss. In this lawsuit, Plaintiff alleges that Defendants violated his First Amendment rights by retaliating against him in various ways, such as by giving him negative employee evaluations and subjecting him to unwarranted criticism and reprimands, for bringing the original lawsuit. Plaintiff also alleges that Defendants have again attempted to place unconstitutional limits on his speech as a public employee and a public citizen. Defendants have filed a 12(b)(6) motion to dismiss Plaintiff's second amended complaint in this lawsuit, which was filed December 21, 2004.

## II. STANDARD OF ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). Such motions "should be granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989), and a complaint will survive as long as it sets out sufficient facts for the

court to infer that each element of a cause of action is present. *See Wolman v. Tose,* 467 F.2d 29, 33 (4th Cir. 1972). In considering a Rule 12(b)(6) motion, the complaint is to be construed in the light most favorable to the plaintiff and the court is to assume its factual allegations to be true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Martin Marietta v. Int'l Tel. Satellite,* 991 F.2d 94, 97 (4th Cir. 1992). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*).

## III. DISCUSSION

Defendants first argue that the Court should dismiss Count I of the Complaint because it does not allege a separate and independent cause of action from Count II. Count II alleges a First Amendment retaliation claim on the basis of Plaintiff's exercise of his right of access to the Courts. Count I alleges a retaliation claim "on the basis of Plaintiff's exercise of his rights under the First Amendment (including his prosecutions of the original lawsuit) . . . ." (Compl. ¶ 37.) Defendants argue that both Counts I and II allege an identical retaliation claim on the basis of Plaintiff's exercise of his right of access to the Courts. Plaintiff, however, argues that Counts I and II state two different claims which arise under different clauses of the First Amendment. Plaintiff agrees with Defendants that Count II states a retaliation claim for his exercise of his right to prosecute the lawsuit, in violation of the Petition Clause of the First Amendment. But Plaintiff contends that Count I states a different retaliation claim for Plaintiff's exercise of his right to *speak* about the lawsuit, in violation of the Speech Clause of the First Amendment. The Court agrees with Plaintiff that he has alleged two different claims in Counts I and II—one for

3

retaliation for *bringing* the original lawsuit, and one for retaliation for *speaking* about the original lawsuit. The Court therefore declines to dismiss Count I based on Defendants' argument that it does not state a separate and independent claim from Count II.

Defendants also argue that the Court should dismiss Count I because Plaintiff has not alleged that any of the speech in question deals with a matter of public concern. In order to state a valid retaliation claim, a public employee must allege that: (1) the employee spoke on a matter of public concern; (2) the employee's interest in speaking on the matter outweighs the government's interest in providing effective and efficient services to the public; (3) the retaliation was of the sort that would adversely affect the First Amendment right because it deprived the employee of a valuable government benefit or otherwise impacted him in a manner that, at the very least, would tend to chill his exercise of First Amendment rights; and (4) the speech was a "substantial factor in the decision to take the allegedly [adverse] retaliatory action." *See, e.g., Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 351–52 (4th Cir. 2000). Defendants argue that all of the facts alleged in the complaint with respect to Count I involve situations in which Plaintiff was speaking or acting as an employee, not as a public citizen. Specifically, Defendants argue that the incidents in which Plaintiff was reprimanded for making "negative and inappropriate comments in lineup" do not involve matters of public concern.

The Court believes that Plaintiff has alleged enough at this stage in the process to meet the public concern requirement for a retaliation claim in Count I. Plaintiff is alleging in both Count I and Count II that all of Defendants' actions, which are detailed in the factual allegations of the complaint, including the unfavorable evaluation which cautioned him to "cease making negative and inappropriate comments in lineup," are retaliation for both Plaintiff's filing of the

4

original lawsuit and Plaintiff's speech about the original lawsuit. Plaintiff's speech about the original lawsuit *does* involve a matter of public concern. Plaintiff is not alleging that his First Amendment rights were violated when he was reprimanded for making inappropriate comments at lineup, but rather that this reprimand, and the other actions of Defendants, were a way of punishing him for his speech about the original lawsuit. In addition, Plaintiff pleads specific facts alleging that he was retaliated against for his speech about the original lawsuit. In paragraphs 13–15, Plaintiff alleges that he was criticized by his lieutenant for making a public comment concerning the ruling of the Court in the original lawsuit.[1] The Court therefore declines to dismiss Count I, because Plaintiff has sufficiently plead the public concern requirement as to this cause of action.

Defendants also argue that the Court should dismiss Counts I and II because Plaintiff does not allege in either of these counts that Defendants deprived him of a valuable government benefit, or that any of Defendants' alleged actions impacted him in a manner that tended to chill his First Amendment rights, as is required in First Amendment retaliation claims. *See Goldstein, supra,* 218 F.3d at 351–52. It is true that Plaintiff has not alleged any deprivation of a valuable government benefit. Plaintiff still remains employed by the County of Albemarle and has not alleged the loss of any other benefit connected with his employment. But a plaintiff may also establish a retaliation claim by alleging that the defendant's actions "would tend to chill his exercise of First Amendment rights." *Goldstein,* 218 F.3d at 354.

---

[1] There is some question as to whether Plaintiff is precluded from pleading these facts because they were part of the original settlement agreement. This inquiry is more of a question for summary judgment. Even if Plaintiff were precluded from pleading these particular facts, Plaintiff still has plead enough facts in the Complaint to satisfy a 12(b)(6) motion to dismiss Count I.

5

Defendants argue that far from being "chilled," Plaintiff fully exercised his First Amendment rights despite Defendants' alleged conduct. Whether or not Plaintiff's speech was actually chilled due to Defendants' actions is irrelevant in a retaliation claim. The test is rather whether Defendants' actions "would tend to chill" Plaintiff's exercise of his First Amendment rights. Defendants argue that not every adverse action by an employer rises to the level of a First Amendment claim, and Plaintiff has simply not plead enough in this case to show that Defendants' actions "would tend to chill" his First Amendment rights. The Court disagrees. At this stage in the pleading process, the Court finds that Plaintiff has plead enough to show that Defendants' actions would "tend to chill his exercise of First Amendment rights." Plaintiff alleges that Defendants' actions caused him to believe that he might be fired. Plaintiff alleges that in retaliation for exercising his First Amendment rights, he received negative employee evaluations, was criticized by his superiors, was disciplined and reprimanded unfairly, was isolated from the other officers, and was denied valuable training. Because Plaintiff has plead enough to support the chilling element of a retaliation claim, the Court Denies Defendants' 12(b)(6) motion to dismiss as to Counts I and II.

Finally, Defendants move to dismiss Count III of the complaint. In Count III, Plaintiff alleges that Defendants' actions have imposed a new form of prior restraint which is the functional equivalent of the prior "plan of assistance," the subject of the first lawsuit. Defendants argue that the Court should dismiss Count III because Plaintiff does not allege that the speech in question involves a matter of public concern. Defendants argue that the only factual allegation Plaintiff has plead with respect to Count III is that Plaintiff was warned to

"cease making negative and inappropriate comments in line up."[2] (Compl. ¶ 32.) Defendants argue that Plaintiff's speech at lineup does not involve a matter of public concern, and thus Plaintiff does not state a First Amendment prior restraint claim in Count III. The Court disagrees with Defendants' argument. Plaintiff's claim in Count III incorporates all of the prior factual allegations made by Plaintiff in the complaint. Count III alleges that *all* of Defendants' actions have imposed a new form of prior restraint which is the functional equivalent of the "plan of assistance" from the prior lawsuit. This "plan of assistance" limited Plaintiff's speech on *all* matters. Thus, Plaintiff is alleging that *all* of Defendants' actions (not just the actions referenced in paragraph 32), have imposed a new form of prior restraint on Plaintiff's speech *in general*. A limit on Plaintiff's speech on *all* matters necessarily involves matters of public concern. Thus, assuming Plaintiff's factual allegations to be true, Plaintiff has established a claim under Count III of the Complaint.

Because the Court finds that Plaintiff has plead enough at this stage of the lawsuit to overcome a 12(b)(6) motion, the Court DENIES Defendants' Motion to Dismiss.

An appropriate Order shall issue.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion to all Counsel of Record.

ENTERED: *[signature]*
U.S. District Judge
*April 19, 2005*
Date

---

[2] Defendants probably came to this conclusion because this paragraph is the only paragraph of the Complaint that mentions a "plan of assistance." But Count III alleges that *all* of Defendants' actions have effectively created a prior restraint on Plaintiff's speech, not just Defendants' actions in paragraph 32.

7