CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 0 1 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KARL MANSOOR,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN MILLER;<br>CRYSTAL LIMERICK;<br>LINDA JENKINS;<br>MARK TRANK;<br>THOMAS FOLEY;<br>COUNTY OF ALBEMARLE,<br><br>*Defendants.* | CIVIL ACTION NO. 3:02-CV-00116 (*Lead*)<br>CIVIL ACTION NO. 3:03-CV-00001 (*Member*)<br><br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion for Summary Judgment, filed February 25, 2005 (Document # 49). The Court held a hearing on Defendants' Motion on July 7, 2005. For the reasons stated below, the Court DENIES Defendants' Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Karl Mansoor is employed as a police officer with the Albemarle County Police Department. On April 19, 2000, Plaintiff brought a § 1983 action against the County of

Albemarle and six county officials, alleging that they conspired to deprive him of his First Amendment free speech rights (the "original lawsuit"). Plaintiff alleged that the defendants in the original lawsuit had implemented a "plan of assistance" which severely limited his speech rights both as a public citizen and as an employee. This Court granted summary judgment to Plaintiff on his First Amendment § 1983 claim, finding that the terms of the plan of assistance operated as a prior restraint on Plaintiff's right to speak as a public citizen on matters of public concern. The Fourth Circuit affirmed this Court's decision. The parties then reached an agreement and settled the original lawsuit on July 14, 2003. On that same date, the parties filed a Settlement Agreement and Release (the "settlement agreement") with this Court, which settled all of the claims in the original lawsuit and released the defendants in the original lawsuit from those claims.

On November 12, 2002, Plaintiff filed a second lawsuit with this Court (the "second lawsuit") which is currently before the Court on this motion for summary judgment. In this lawsuit, Plaintiff alleges that Defendants violated his First Amendment rights by retaliating against him in various ways for bringing the original lawsuit and for his speech about the original lawsuit. Plaintiff also alleges that Defendants' retaliatory actions have imposed a new form of prior restraint on his speech, which is the functional equivalent of the original "plan of assistance." Defendants now move for summary judgment against Plaintiff's claims in the second lawsuit.

## II. STANDARD OF ANALYSIS

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party,

2

determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.,* 763 F.2d 604, 610 (4th Cir. 1985). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex Corp.,* 477 U.S. at 322–24. Such facts must be presented in the form of exhibits and sworn affidavits. *Int'l Longshoremen's Assoc., Steamship Clerks Local 1624 v. Va. Int'l Terminals, Inc.,* 904 F. Supp. 500, 506 (E.D. Va. 1995). Failure by Plaintiffs to rebut Defendants' motion with such evidence will result in summary judgment when appropriate. *Id.* "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322.

### III. DISCUSSION

Defendants argue that the Court should grant their summary judgment motion because the settlement agreement filed on July 14, 2003, in the original lawsuit also operates to release Defendants from all claims in the *second* lawsuit. Plaintiff, on the other hand, argues that the settlement agreement *does not* release Defendants from the claims in the second lawsuit. The terms of the settlement agreement are undisputed. The agreement states, in relevant part:

> The Plaintiff agrees to release the Defendants . . . from any and all claims asserted or which could have been asserted in the Motion for Judgment filed originally in the Circuit Court for the City of Charlottesville on or about April 19, 2000 and removed

> to the United States District Court for the Western District of Virginia . . . specifically
> including all such claims relating in any way to . . . claims in any way growing out of
> facts alleged, deprivations, injuries, or other damages occurring or resulting from the
> events described in the Motion for Judgment filed in this action.

Defendants argue that the terms of this agreement clearly and unambiguously release them from all claims asserted by Plaintiff in the second lawsuit. Defendants first argue that all of the claims in the second lawsuit are related to, or arose from, the original lawsuit, and thus are covered by the settlement agreement. Defendants further argue that Plaintiff could have amended the Motion for Judgment in the original lawsuit to include the events in the second lawsuit, because all of the events alleged in the second lawsuit occurred *before* the settlement agreement in July of 2003. Thus, Defendants argue that Plaintiff is barred by the settlement agreement from pursuing his claims in the second lawsuit because these claims "could have been asserted" in the original lawsuit. Finally, Defendants also point to an affidavit filed by Plaintiff in the original lawsuit. In this affidavit, which Plaintiff filed to support his claim that he had standing in the first lawsuit, Plaintiff made the same factual allegations as in Paragraphs 10–15 of the current complaint. Therefore, Defendants argue Plaintiff is at the very least prevented from pursuing any claims resulting from the events described in Paragraphs 10–15 of the Second Amended Complaint.

Like Defendants, Plaintiff also asserts that the terms of the settlement agreement are clear and unambiguous. However, Plaintiff argues that the terms of the agreement clearly and unambiguously *do not release* Defendants from Plaintiff's claims in the present lawsuit. In the second lawsuit, Plaintiff alleges that Defendants retaliated against him for bringing the original lawsuit and for his speech about the original lawsuit. Therefore, Plaintiff argues that he could not

4

have asserted a claim in the original lawsuit alleging retaliation for the very lawsuit he was then filing, and thus his present claims are not barred by the settlement agreement. Plaintiff also argues that the terms of the agreement did not release all claims "relating to or arising from" the original lawsuit, as Defendants argue, but released only claims *growing out of the facts alleged or resulting from the events described* in the motion for judgment. Plaintiff argues that his present retaliation claims did not grow out of or result from the facts alleged or events described in the original lawsuit. Finally, Plaintiff points out that even though the second lawsuit was pending at the time the parties signed the settlement agreement, the agreement does not mention the second lawsuit. Plaintiff argues that if the parties had intended to settle the claims in the second lawsuit, they would have affirmatively stated this fact in the settlement agreement.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that the July 14 Settlement Agreement and Release does not clearly and unambiguously release Defendants from the claims in the second lawsuit. The original lawsuit and the second lawsuit allege two separate and distinct sets of facts and resulting claims—the first lawsuit involves facts and claims relating to the original "plan of assistance" and the second lawsuit involves facts and claims relating to Defendants' alleged retaliation against Plaintiff for bringing the original lawsuit. It is true that Plaintiff could have amended the first lawsuit, with leave of the Court, to include the retaliation claims. However, the settlement agreement applies to "any claims which could have been asserted" in the original Motion for Judgment, not "any claims which could have been amended to the original lawsuit." Therefore, because Plaintiff could not have asserted the retaliation claims at the time he filed the Motion for Judgment and because the language of the agreement does not mention later amendments, the Court finds that it is not clear that Plaintiff

5

"could have asserted" his retaliation claims in the original lawsuit within the meaning of the agreement. Further, the fact that Plaintiff filed an affidavit in the original lawsuit for the limited purpose of supporting his argument for standing does not mean that Plaintiff actually asserted these claims in the first lawsuit. The Court also finds that because the retaliation claims are separate and distinct from the claims in the original lawsuit and involve separate sets of facts, it is also not clear that these claims grew out of or resulted from the *facts alleged or events described* in the original Motion for Judgment as defined by the settlement agreement. In addition, looking at the agreement as a whole, it is far from obvious that it was meant to release Defendants from the claims in the second lawsuit. The settlement agreement bears the caption and case number of the original lawsuit. Although the agreement mentions the April 19, 2000 Motion for Judgment several times, the agreement never mentions the second lawsuit. For these reasons, the Court finds that the settlement agreement does not clearly and unambiguously bar the claims in the second lawsuit.

Defendants also argue that the Court should grant summary judgment for Defendants Mark Trank and Thomas Foley. Defendants argue that Trank and Foley were at no time "policy makers for the County with respect to the actions set forth below giving rise to some of Plaintiff's injuries," as alleged in Paragraph 6 of the Complaint, and the treatment and retaliation against Plaintiff was not administered "at the instigation and/or with approval of Defendants Foley and Trank," as alleged in Paragraphs 27 and 28 of the Second Amended Complaint. Defendants Trank and Foley have filed affidavits indicating that they were not policy makers for the County with respect to the actions set forth in the complaint and they did not administer, instigate, or approve of the alleged retaliation against Plaintiff. Because Plaintiff has not submitted any

6

affidavits to refute this evidence, and because Plaintiff makes no other allegations in the complaint relating to Trank and Foley, Defendants argue that the Court should grant summary judgment on Plaintiff's claims against Trank and Foley.

Plaintiff filed a motion to continue the summary judgment motion against Trank and Foley under Federal Rule of Civil Procedure 56(f). In the motion and accompanying affidavit, Plaintiff asserts that more time is necessary to conduct discovery to determine whether Trank and Foley were policy makers within the meaning of the complaint. When dealing with a motion to continue under Rule 56(f), the Court should grant the motion "'almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992) (citation omitted); *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995); *Burlington N. Sante Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 773–74 (9th Cir. 2003). There is no indication that Plaintiff has not diligently pursued discovery. Therefore, the Court finds that it is just to grant the motion to continue because it appears that Plaintiff cannot by affidavit present facts sufficient to justify his position. Accordingly, the Court grants the motion to continue the summary judgment motion as to Defendants Trank and Foley under Rule 56(f).

Because the Court finds that the terms of the settlement agreement do not clearly and unambiguously bar the present lawsuit, the Court DENIES Defendants' Motion for Summary Judgment. The Court also GRANTS Plaintiff's Motion to Continue the Summary Judgment Motion as to Defendants Trank and Foley under Rule 56(f), filed July 7, 2005.

An appropriate Order shall issue.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion

7

Case 3:02-cv-00116-NKM-BWC  Document 90  Filed 08/01/05  Page 7 of 8  Pageid#: 543

to all Counsel of Record.

ENTERED: _/s/ Norman K. Moon_
U.S. District Judge
Aug 1, 2005
Date